UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SARAH E. SOLOMON, | § | |
| | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-CV-2758-B |
| | § | |
| ESA MANAGEMENT, L.L.C.; ESA P | § | |
| PORTFOLIO L.L.C.; and DANIELLE | § | |
| AUDI, | § | |
| | § | |
|   Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Sarah Solomon (Solomon)'s Motion to Remand (Doc. 19). For the reasons that follow, the motion is **GRANTED**.

### I.

### BACKGROUND[1]

This is a case arising out of an altercation between a hotel employee and a hotel guest. On April 22, 2019, "Solomon and her husband checked into the Extended Stay America - Dallas - Market Center [(ESA Market Center or the Hotel)]," a hotel property owned, operated, and managed by Defendants ESA Management and ESA P Portfolio L.L.C. (collectively, ESA). Doc. 1-1, 2d Am. Pet., ¶ 13.[2] Around 9:00 p.m., Solomon went to the Hotel lobby to retrieve a pizza she had

---

[1] Except as otherwise noted, the Court derives this factual statement from Plaintiff's Second Amended Petition.

[2] Citations to documents included in ESA's Appendix in Support of its Notice of Removal (Doc. 1-1) refer to the electronic page numbers generated by the Court's electronic filing system. Citations to Plaintiff's Second Amended Petition, which is found beginning at Doc. 1-1 page 90, are to the paragraphs within that document.

ordered. *Id.* ¶¶ 13–14. In the lobby, she "got into a verbal altercation" with Defendant Danielle Audi (Audi), a Hotel employee who accused Solomon—a young Black woman—of stealing the pizza. *Id.* ¶ 14. "Solomon removed herself from the situation, and she ultimately had the pizza delivered to her room." *Id.* But "around 9:40 p.m. . . . Audi decided to kick . . . Solomon and her husband out of the Hotel." *Id.* ¶ 15. "Audi knocked on . . . Solomon's hotel room door, heard [Solomon] and her husband in the room, and then . . . 'opened the door with her key.'" *Id.* After entering the room without permission, Audi "punched . . . Solomon in the face, kicked . . . Solomon several times in the abdomen, and yelled racial slurs." *Id.* Solomon's husband separated Solomon and Audi and the Dallas Police Department was called. *Id.* ¶¶ 15–16. While the police stood by, Solomon and her husband left the Hotel; Solomon then "sought treatment at [a Dallas hospital], where she was diagnosed with an abrasion to her left forearm, pain in her left foot, and vaginal hemorrhaging." *Id.* ¶¶ 16–17. The day after the altercation, ESA terminated Audi's employment for "misconduct." *Id.* ¶ 18.

Solomon filed suit in Texas state court on March 11, 2021, naming ESA and Audi as defendants.[3] Doc. 1-1, Original Pet., 11. Against Audi, she asserted claims for infliction of bodily injury, assault by offensive physical conduct, intentional infliction of emotional distress, and invasion of privacy. *Id.* at 14–17. Against ESA, she asserted claims for breach of contract and negligent hiring, supervising, training, and retaining. *Id.* at 17–18. She also asserted that ESA was liable for Audi's actions under the theory of respondeat superior. *Id.* at 14–15. She further claimed that both parties

---

[3] Plaintiff's Original Petition misidentified Audi as "Danielle Orr." Doc. 1-1, Original Pet., 11–12. Plaintiff corrected the name in her Amended Petition and ESA has not raised any issue regarding the amendment. *See* Doc. 30, Defs.' Resp., 2. In addition to the current ESA Defendants, Plaintiff's Original Petition named a third ESA entity that ESA's Original Answer identified as identical to Defendant ESA P Portfolio L.L.C. Doc. 1-1, Original Answer, 47.

were grossly negligent. *Id.* at 18. Solomon's Original Petition identified Solomon's residence as Texas and the ESA entities' principle places of business as North Carolina. *Id.* at 12. It stated that Audi was "believed to be a resident of Texas," that her social security and driver's license number were unknown, and that she could be served "at her place of residence or wherever she may be found." *Id.* The Original Petition also stated that Solomon sought maximum damages of $74,500. *Id.* at 21. Service of the Citation and Original Petition was accomplished on ESA in April 2021. Doc. 1-1, ESA Returns of Service, 38, 41, 44.

In August 2021, Solomon filed an Amended Petition that named as additional defendants ESA Market Center's managers Rachel M. Aguirre (Aguirre) and Tafaria R. Rubin (Rubin), stating that each was a resident of Texas. Doc. 1-1, Am. Pet., 55–56, 65. The Amended Petition continued to state that Audi was "believed to be a resident of Texas," and that her social security number, driver's license, and residence were unknown. *See id.* at 55–56. The Amended Petition, like the Original Petition, claimed maximum damages of $74,500. *Id.* at 64. Aguirre was purportedly served with the Citation and Amended Petition in September 2021. Doc. 1-1, Aff. Serv. Aguirre, 87.

After Aguirre's purported service, Solomon filed a Second Amended Petition on October 11, 2021. Doc. 1-1, 2d Am. Pet., 102. The Second Amended Petition named as defendants ESA, Audi, Aguirre, and Rubin. *Id.* ¶¶ 4–9. Solomon again alleged that Aguirre and Rubin were residents of Texas. *Id.* ¶¶ 7–8. But Solomon newly alleged that Audi "is now believed to be a resident of Wisconsin," and indicated that her social security number was now known. *Id.* ¶ 9. The Second Amended Petition also stated that Solomon sought "monetary relief over $1,000,000." *Id.* ¶ 2.

On November 5, 2021, ESA timely removed the case to this Court. Doc. 1, Notice of

Removal. ESA alleged that diversity jurisdiction was satisfied because Solomon is a citizen of Texas,[4] ESA Management, L.L.C., is a citizen of Florida, and ESA P Portfolio, L.L.C., is a citizen of North Carolina. *Id.* ¶¶ 18–20. ESA argued that Audi's and Rubin's citizenships should be disregarded, as neither had been "properly joined and served," and that Aguirre's and Rubin's citizenships should be disregarded because their joinder was improper. *Id.* ¶¶ 15–17, 21. However, ESA noted that "as stated in Plaintiff's Second Amended Petition, Defendant Audi is believed to be a citizen of Wisconsin, and thus, complete diversity would exist even if Defendant Audi's citizenship were to be considered." *Id.* ¶ 15.

Three days after the removal, the Court ordered Solomon to respond to ESA's improper joinder arguments regarding Aguirre and Rubin. Doc. 3, Elec. Order. In response, Solomon filed a notice of dismissal as to Aguirre and Rubin and they were dismissed from the action. Doc. 6, Notice of Dismissal. Because complete diversity appeared to be satisfied between Solomon (Texas), ESA Management, L.L.C. (Florida), ESA P Portfolio, L.L.C. (North Carolina), and Audi (allegedly Wisconsin), the case proceeded in this Court.

On March 22, 2022, Solomon requested issuance of a Summons on Audi at an address in Kenosha, Wisconsin, "or wherever she may be found." Doc. 14, Req. Summons. On May 13, 2022, Solomon filed a Return of Service signed by process server Jon Wolfe stating that Wolfe effected service on Audi on March 29, 2022, by leaving the Second Amended Petition and Complaint with "CEDRICK COLEMAN as RESIDENT AT THE ABODE OF THE DEFENDANT at the address

---

[4] ESA notes that "[a]lthough Plaintiff's Petition states that she is a resident of Texas, it is Defendants' understanding that Plaintiff currently resides in California while she attends school." Doc. 1, Notice of Removal, 7 n.4. However, ESA does not challenge Solomon's representation that she remains a citizen of Texas, or provide evidence of Solomon's intent to change her domicile. *See Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 798 (5th Cir. 2007) (discussing citizenship in the CAFA context). Therefore, the Court presumes that Solomon's domicile is Texas.

of: 12121 COIT ROAD, DALLAS, TX 75251,[Audi]'s usual place of Adode, who resides therein, who is sixteen (16) years of age or older . . . in compliance with state statutes." Doc. 16, Return Serv. Audi.

On July 15, 2022, Solomon moved to remand this action to state court, arguing that "Audi is a difficult woman to find" but "after a professional skip trace" Solomon learned that Audi's residence—as of March 29, 2022, and at the time of this suit's filing in 2021—is 12121 Coit Road, Dallas, Texas 75251, so "there is no longer diversity of citizenship." Doc. 20, Pl.'s Br. Mot Remand, 2.

The motion is fully briefed and ripe for review. The Court considers it below.

## II.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)). Thus, courts "'must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.' If the record does not contain sufficient evidence to show that subject[-]matter jurisdiction exists, 'a federal court does not have jurisdiction over the case.'" *Id.* (citations omitted).

A defendant may remove a case from state to federal court based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1441(a). Diversity jurisdiction requires complete diversity, which is "[t]he concept . . . that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (citation omitted). The party invoking "federal jurisdiction . . . has the burden of proving by a

preponderance of the evidence that subject[-]matter jurisdiction exists." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). In deciding whether this burden has been carried, the court may consider "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (discussing the burden in motions brought under Fed. R. Civ. P. 12(b)(1)).

"[A]s long as a nondiverse party remains joined, the *only* issue the court may consider is that of jurisdiction itself. This is because 'a federal court *always* has jurisdiction to determine its own jurisdiction.'" *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016) (quoting *United States v. Ruiz*, 536 U.S. 622, 622 (2002)). "If at any time before final judgment it appears that the district court lacks subject[-]matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is . . . to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

## III.

## ANALYSIS

Solomon argues that remand is required because Audi is a nondiverse party[5] who destroys complete diversity of citizenship. *See* Doc. 20, Pl.'s Br. Mot., 2. While Solomon "once thought . . . that Ms. Audi was a resident of Wisconsin[,] . . . a professional skip trace establishes her residence in Dallas, Texas, from 2019 to 2022, prior to this case being filed." *Id.* at 3. Because diversity of

---

[5] In addition to complete diversity, 28 U.S.C. § 1332(a) requires an amount in controversy exceeding $75,000. Solomon's Second Amended Petition states that she seeks "monetary relief over $1,000,000." Doc. 1-1, 2d Am. Pet., ¶ 2. As such, the Court considers the amount-in-controversy requirement satisfied and focuses its analysis on whether complete diversity exists.

citizenship is considered "at the time of filing, which was March 11, 2021," and there was not complete diversity at that time, this Court lacks subject-matter jurisdiction and the case must be remanded, Solomon argues. *Id.* (citing *Grupo Dataflux v. Atlas Glob. Grp.*, L.P., 541 U.S. 567, 570–71 (2004)).

ESA responds that removal was proper because Audi had not been served at the time of removal and "[a]t the time of removal, [Solomon] alleged that . . . Audi was a resident of Wisconsin." Doc. 30, Defs.' Resp., 5 (citing *Tex. Brine Co. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020)).[6] ESA claims that "[r]emand . . . would be improper as jurisdiction is determined at the time of removal and the post-removal purported service on . . . Audi does not deprive the Court of jurisdiction." *Id.* at 4. Defendants further "contend that the parties to [the] lawsuit are still diverse at this time, as Plaintiff has provided no credible evidence to the contrary." *Id.* at 5. Defendants finally argue that the circumstances of Audi's service call the propriety of that service into question. *Id.* at 6. Specifically, Defendants assert that "[t]he address where . . . Audi was purportedly served, 12121 Coit Rd., Dallas, Texas 75251, is the address for ESA Coit Road, a hotel . . . [that] had been closed for renovations for almost a year . . . [and] had no registered guests[,] . . . and no guests or employees were onsite . . . on [March 29, 2022,] the date Defendant Audi was purportedly served" at that location. *Id.* So, neither Audi nor Cedrick Coleman could have been residing there at that time. *Id.*; Doc. 30-1, Walter Decl., 2.

In support of their respective positions, the parties have submitted the following: (1) Plaintiff's Petition; (2) Plaintiff's Motion to Remand and the parties' briefing thereon (Doc. 20,

---

[6] Solomon's Second Amended Petition—the operative pleading in this action—stated that Audi "is now believed to be a resident of Wisconsin." Doc. 1-1, 2d Am. Pet., ¶ 9. Plaintiff's Original and First Amended Petitions stated that Audi (or Orr, as Audi was incorrectly named in the Original Petition) was believed to reside in Texas. Doc. 1-1, Original Pet., 12; Doc. 1-1, Am. Pet., 55.

Pl.'s Br. Mot. Remand; Doc. 30, Defs.'s Resp.; Doc. 31; Pl.'s Reply); (3) the Unsworn Declaration Under Penalty of Perjury of Gary Walter (Doc. 30-1) (hereinafter Walter Decl.); and (4) the Affidavit of Jon L. Wolfe and attached "skip trace" report (Doc. 33) (hereinafter Wolfe Aff.).

Having considered these materials, the Court finds that it lacks subject-matter jurisdiction over this case, which must therefore be remanded. *See* 28 U.S.C. §§ 1332(a); 1447(c).

First, ESA's argument that subsequent service of a non-diverse defendant does not deprive the Court of subject-matter jurisdiction fails. It is clear that, in general, diversity of citizenship jurisdiction requires complete diversity for both removal to and retention in federal court. *E.g., McLaughlin*, 376 F.3d at 353.[7] If the Court mistakenly believes that it has subject-matter jurisdiction and the error is revealed, remand must follow. *See* 28 U.S.C. § 1447(c).

The cases ESA cites to claim that post-removal service of a non-diverse defendant does not require remand are plainly inapposite. *See* Doc. 30, Defs.' Resp., 5 (first citing *Tex. Brine Co.*, 955 F.3d at 487; and then citing *Spear Mktg., Inc. v. BancorpSouth Bank*, 2013 WL 2149570, at *2 (N.D. Tex. May 16, 2013), *aff'd*, 791 F.3d 586 (5th Cir. 2015)). *Spear Marketing* involved federal-question jurisdiction, not diversity jurisdiction. 2013 WL 2149570, at *2, *2 n.6. *Texas Brine Company* involved the diversity jurisdiction removal limitation established by § 1441(b)—which renders an *otherwise removable* case non-removable upon proper service of a defendant-citizen of the state in which the state-court action was filed. 955 F.3d at 485–87. Here, if Audi and Solomon were both

---

[7] Section 1441, governing removal, states "any civil action brought in a State court *of which the district courts of the United States have original jurisdiction*, may be removed by the defendant or the defendants" subject to certain limitations. 28 U.S.C. § 1441(a) (emphasis added). Section 1447, governing remand, provides that "[i]f at any time before final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

citizens of Texas at the time of this suit's filing, the case was not *otherwise removable* at that time, though the Court and apparently the parties were then unaware of the jurisdictional deficiency.

Turning next to ESA's argument that Solomon "has provided no credible evidence" to show that the parties are not now diverse, Doc. 30, Defs.' Resp., 5, the Court reiterates that the burden to show that jurisdiction exists is ESA's, and that the Court "has wide, but not unfettered discretion to determine what evidence to use in making its determination of jurisdiction." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 817 (5th Cir. 2007) (quoting *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996)); *Barrois*, 533 F. 3d at 327; *see also* Doc. 30, Defs.' Resp., 3 (acknowledging that the skip trace report is some evidence "show[ing] that Danielle Audi is a resident of Texas").

Solomon has adduced evidence raising an inference that Audi is a citizen of Texas: the affidavit of process server Jon Wolfe, attesting to a skip trace placing Audi's residence at ESA Coit Road in Texas from September 20, 2019 to March 29, 2022. Doc. 33, Wolfe Aff., 5–7; *cf. Lax v. APP of N.M. ED, PLLC*, 2022 WL 2711230, at *5 (10th Cir. July 13, 2022) ("Skip tracing provides objective evidence of a party's intent to be domiciled in a particular state, and in the citizenship context." (citing *Preston,* 485 F.3d at 817)). Because this case was filed on March 11, 2021 and Audi (incorrectly named as "Orr") was a defendant at that time, the skip trace showing Audi's residence in Texas during that time period raises a presumption that Audi was then a citizen of Texas. Doc. 1-1, Original Pet., 12; *see Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954) ("Residence alone is not the equivalent of citizenship, although the place of residence is prima facie the domicile . . .").

To counter this presumption, ESA presents detailed factual allegations regarding the closure of ESA Coit Road at the time of Audi's purported service and an unsworn statement of Gary Walter, the General Manager of ESA Coit Road. Doc. 30, Defs.' Resp., 6; Doc. 30-1, Walter Decl. Walter

avers that on March 29, 2022, when Audi was purportedly served at her abode at ESA Coit Road, "ESA Coit Road was closed for renovations . . . [and] had no registered guests, there was no registered guest named Cedrick Coleman staying at ESA Coit Road[,] . . . ESA Coit Road did not . . . and does not currently have an employee named Cedrick Coleman[,] . . . there was no registered guest named Danielle Audi staying at ESA Coit Road[, and] . . . [t]here has not been a registered guest at ESA Coit Road named Danielle Audi" since that date. Doc. 30-1, Walter Decl., 2. These circumstances, ESA argues, cloak the purported service in suspicion. Doc. 30, Defs.' Resp., 6. Notably, however, ESA does not directly argue and Walter does not aver that Audi did not reside at ESA Coit Road or in Texas at the time of the complaint's filing or afterward. *See* Doc. 30, Defs.' Resp., 6; Doc. 30-1, Walter Decl. Nor does ESA offer any affirmative allegation of Audi's diverse citizenship at the time of filing. *See* Doc. 30, Defs.' Resp., 6; Doc. 30-1, Walter Decl.

Based on this evidence, the Court finds that though Audi's citizenship is far from clear, ESA has not carried its burden to show by a preponderance of the evidence that Audi is not a citizen of Texas and was not at the time of filing. *See Barrois*, 533 F.3d at 327; *Preston*, 485 F.3d at 814. Resolving "any doubt about the propriety of removal . . . in favor of remand," *Gasch,* 491 F.3d at 281–82, the Court **GRANTS** Solomon's motion (Doc. 19) and **REMANDS** this case to state court for lack of subject-matter jurisdiction.

## IV.

## CONCLUSION

For the reasons set forth above, Solomon's Motion to Remand (Doc. 19) is **GRANTED**. This case is **REMANDED** to the 68th Civil District Court, Dallas County, Texas.

SO ORDERED.

SIGNED: August 31, 2022.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

- 11 -